[Civ. No. 9695.   Third Dist.   Feb. 11, 1960.]

ANDREA RUTH LEWIS et al., Appellants, v. ROBERT R. HOWE, Respondent.

C. Ray Robinson, John L. Larue, Ralph Colburn and William J. Adams for Appellants.

Rich, Fuidge & Dawson for Respondent.

VAN DYKE, P. J.—This is an appeal from a judgment entered in favor of the defendant notwithstanding the jury's verdict in favor of the plaintiffs in a wrongful death action.

The deceased, Andrew Lewis, sustained fatal injuries when the jeep which he was driving was struck by a pickup truck driven by the respondent. Prior to the accident the two vehicles were proceeding in a westerly direction on a two-lane highway near Nevada City. Respondent was approximately three car-lengths behind the jeep when he accelerated the speed of his pickup and pulled out to pass the jeep. Simultaneously the jeep likewise started to pull to the left into the eastbound lane of traffic. Although the movement of the jeep made the respondent "leary" and suspicious that the jeep was going to make a left turn into a service station on the east side of the highway, respondent did not then apply the brakes, sound the horn, or return to the westbound lane. Instead he permitted the pickup to continue to overtake the jeep and it was not until the front of the pickup was practically abreast of the jeep that respondent applied the brakes. It was then too late to avoid the collision and the front center of the pickup struck the left rear of the jeep from which the deceased was thrown.

Respondent's motion for nonsuit and a directed verdict were denied and the jury returned a verdict in favor of appellants. However, the court thereafter granted respondent's motion for a judgment notwithstanding the verdict. This the court was empowered to do only if, disregarding conflicting evidence and indulging in every legitimate in-

ference which could be drawn from evidence favorable to plaintiff, there was no substantital support for the verdict. (*Devens* v. *Goldberg,* 33 Cal.2d 173, 177-178 [199 P.2d 943] ; *Champion* v. *Bennetts,* 37 Cal.2d 815, 820 [236 P.2d 155].) Thus, in the instant case, unless it can be said as a matter of law that the respondent was not guilty of negligence which was a proximate cause of the fatality or that the deceased was contributorily negligent, the judgment must be reversed.

The jury's inferential findings that respondent's negligence was a proximate cause of the accident and that deceased was not guilty of negligence are substantially supported by the evidence.

A finding that respondent was guilty of negligence could be founded on his failure to sound his horn to signal his intention to pass the jeep or on his failure to apply the brakes or to return to the westbound lane when he was alerted to the probability of the jeep's turning across the eastbound lane. Further, it could be found that such negligence on the part of the respondent was a proximate cause of the accident.

A finding that the deceased was not contributorily negligent is supported by the presumption that he exercised due care for his own safety, unless the testimony of an eyewitness called on behalf of the appellants was wholly irreconcilable with the presumption. (*Westberg* v. *Willde,* 14 Cal.2d 360, 365 [94 P.2d 590] ; *Gigliotti* v. *Nunes,* 45 Cal.2d 85, 93 [286 P.2d 809].) The witness testified that he did not see the deceased signal his intention to make a left turn, but that he could not be sure that he did not as "I could have been looking at the pickup at that time or some other part of it and he might have given a signal." That testimony was not so unequivocal and positive as to be wholly irreconcilable with the presumption of due care. Consequently, the presumption supports the jury's implied finding that the deceased was free from contributory negligence.

Since the jury's verdict finds substantial support in the evidence, the motion for a directed verdict was properly denied and a motion for judgment notwithstanding the verdict could not properly be granted. (Code Civ. Proc., § 629.)

The judgment is reversed with directions to enter judgment on the verdict.

Peek, J. and Schottky, J., concurred.